**AI FANG LI, Petitioner,**

v.

**Mark FILIP,\* Respondent.**

No. 08–0528–ag.

United States Court of Appeals, Second Circuit.

Jan. 28, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Mark Filip is automatically substituted as Respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Emily Anne Radford, Assistant Director; Patrick G. Glen, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Ai Fang Li, a native and citizen of the People's Republic of China, seeks review of the January 11, 2008 order of the BIA denying her motion to file a successive asylum application. *In re Ai Fang Li,* No. A73 563 117 (B.I.A. Jan. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).

As we recently held in *Yuen Jin v. Mukasey,* section 240(c)(7)(C)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(c)(7)(C)(ii), requires that any successive asylum application be filed in conjunction with a motion to reopen. *See* 538 F.3d 143, 156–57 (2d Cir.2008). If the application is filed more than ninety days after a final order of removal is entered, the motion to reopen must be based on changed country conditions. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *see also Matter of C–W–L–,* 24 I. & N. Dec. 346, 353 (BIA 2007).

Because Li's involvement in the Chinese Democracy Party was a change in personal circumstances, and because she failed to establish changed circumstances arising in China, *see Wei Guang Wang v. BIA,* 437 F.3d 270 (2d Cir.2006), we find the BIA did not abuse its discretion in denying Li's successive asylum application.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.